UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CASEY A. WHITLOCK,

        Plaintiff,

        v.

AMERICAN FAMILY MUTUAL
INSURANCE CO., a Wisconsin corporation,

        Defendant.

Case No. 3:14-cv-01189 -ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Casey A. Whitlock ("Whitlock"), filed this action on July 25, 2014, against his former employer, American Family Mutual Insurance Co. ("American Family"), alleging two claims for violations of the Fair Labor Standards Act, 29 USC § 207 ("FLSA") and Oregon law, ORS 653.261. Whitlock claims that his position as a Physical Damage Field Senior Adjuster was incorrectly classified by American Family as "exempt" from the federal and state minimum wage and overtime provisions. As a result, he seeks payment of overtime wages for all hours worked in excess of 40 hours per week.

This court has federal question jurisdiction over the FLSA claim pursuant to 28 USC § 1331 and supplemental jurisdiction over the state law claim pursuant to 29 USC §1367. All

1 – OPINION AND ORDER

parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #9).

On August 27, 2015, this court granted a motion by Whitlock's attorney to withdraw (docket #21) and issued a Notice to Self-Represented Litigants (docket #22). On December 2, 2015, the due date for dispositive motions (docket #30), American Family filed a Motion for Summary Judgment (docket #31). Prior to filing the motion, American Family's attorney tried repeatedly to confer with Whitlock by telephone and email as required by Local Rule 7-1(a), but received no response, except for one email limited to the motion to compel. Dozono Decl. (docket #32), ¶¶ 2-3 & Exs. 1-2.

On December 3, 2015, this court issued a Summary Judgment Advice Notice to Whitlock (docket #40) which was mailed to him by the Clerk (docket #41) and later remailed (docket #42). However, Whitlock has failed to timely file any response to the motion. For the reasons set forth below, American Family is granted summary judgment.

## LEGAL STANDARD

Summary judgment may be granted if "no genuine issue" exists regarding any material fact and "the moving party is entitled to judgment as a matter of law." FRCP 56(c). The moving party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial." *Id* at 324, citing FRCP 56(e). The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F3d 1047, 1054 (9th Cir 1999) (citation omitted). A "'*scintilla* of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material

fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F2d 1539, 1542 (9th Cir 1989), quoting *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 249-50, 252 (1986). The substantive law governing a claim or defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F3d 1130, 1134 (9th Cir 2000) (citation omitted). The court must view the inferences drawn from the facts "in the light most favorable to the non-moving party." *Bravo v. City of Santa Maria*, 665 F3d 1076, 1083 (9th Cir 2011) (citations omitted).

## DISCUSSION

American Family moves for summary judgment on both claims on the basis that Whitlock was exempt from the overtime-pay provisions of the FLSA and state law as an "administrative'" employee. 29 USC § 213(a); 29 CFR § 541.200(a); ORS 653.020(3); OAR 839-020-0005(2). In the alternative, American Family moves for partial summary judgment on Whitlock's claims for overtime arising more than two years before he filed this action. 29 USC § 255; ORS 12.110(3).

In support of this motion, American Family has submitted six declarations with exhibits by five of its employees (Doug J. Nelson (docket #33), Steve R. Steele (docket #34), Matthew Wheeler (docket #35), Sandy Grover (docket #36), and Jessica Yttri (docket #38)), as well as excerpts from Whitlock's video depositions taken on September 30 and October 6, 2015 (Chicoine Decl., (docket #37), Exs. 1-3). Whitlock has not addressed any of the assertions of fact in these declarations. Thus, pursuant to FRCP 56(3)(2) & (3), the court may consider those facts as undisputed for the purposes of this motion and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."

Whitlock began working for American Family as an insurance claim adjuster in 2003 and held the position of Physical Damage Field Senior Adjuster when he left on leave in May 2014. American Family did not pay Whitlock overtime pay because it classified his position as falling within the administrative exemption from the requirement in both the FLSA and Oregon law that he be paid overtime for hours worked in excess of 40 hours per week.  Under the FLSA, 29 USC § 213(a)(1), the overtime pay requirement does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor]."  Under U.S. Department of Labor ("DOL") regulations, the administrative exemption is met for an employee:

> (1) [Who is c]ompensated on a salary or fee basis at a rate of not less than $455 per week . . . ;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 CFR § 541.200(a).

As summarized in American Family's supporting memorandum, the undisputed facts reveal that Whitlock satisfies all three elements.  Furthermore, as explained by American Family, since 2003, five circuit courts, including the Ninth Circuit, have held that insurance claim adjusters, such as Whitlock, are administrative employees exempt from overtime pay.[1]  Indeed, the DOL regulations specifically identify insurance claims adjusters as "generally meet[ing] the duties requirements for the administrative exemption."  29 CFR § 541.203(a).  Thus, American Family properly classified Whitlock as an exempt administrative employee under the FLSA.

---

[1] *Robinson-Smith v. Gov't Emps. Ins. Co.*, 590 F3d 886, 892-97 (DC Cir 2010); *Roe-Midgett v. CC Servs., Inc.*, 512 F3d 865, 869 (7th Cir 2008); *In re Farmers Ins. Exch., Claims Representatives, Overtime Pay Litig.*, 481 F3d 1119, 1127-32 (9th Cir 2006); *Cheatham v. Allstate Ins. Co.*, 465 F3d 578, 584-86 (5th Cir 2006); *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F3d 997, 998, 999-1002 (8th Cir 2003).

Oregon law, ORS 653.261, "in relevant respects is modeled on the FLSA." *DiNicola v. State*, 246 Or App 526, 545, 268 P3d 632, 642 (2011), *rev. denied*, 352 Or 377 (2012), *cert. denied*, 134 S Ct 66 (2013).  It similarly exempts certain categories of employees from overtime pay, including:

> An individual engaged in administrative, executive or professional work who:
> (a) Performs predominantly intellectual, managerial or creative tasks;
> (b) Exercises discretion and independent judgment; and
> (c) Earns a salary and is paid on a salary basis.

ORS 653.020(3).

The implementing regulations, OAR 839-020-0005(2), define an exempt administrative employee similar to the FLSA.  Because this definition "expands on the statutory definition in ways that are consistent with the rules under the FLSA," Oregon courts "reach the same conclusion" as under the FLSA when applying this regulation.  *DiNicola*, 246 Or App at 545, 268 P3d at 643; *Nolan v. Transcend Servs., Inc.*, No. 3:10-cv-01571-HU, 2012 WL 14021, at * 8- 9 (D Or Jan 4, 2012) (applying the federal test under 29 CFR § 541.200 to the state administrative exemption).  Thus, American Family did not violate Oregon law by classifying Whitlock as an exempt administrative employee.

Accordingly, this court need not reach the alternative argument by American Family that Whitlock's claims for overtime arising more than two years before filing are time-barred.

## ORDER

For the reasons set forth above, American Family's Motion for Summary Judgment (docket #31) is GRANTED.

DATED  January 15, 2016.                    s/ Janice M. Stewart
                                                                Janice M. Stewart
                                                                United States Magistrate Judge